FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

15 JUN 25 AM 11: 05

CLERK...
MIDDLE DIST NCT OF FLORIDA
FT. MYERS FLORIDA

JOHN GOLLADAY, for himself and
on behalf of those similarly situated,

        Plaintiff,

vs.

ABC ELECTRIC SERVICE, INC., a
Florida Profit Corporation; JOSEPH A.
ABRAHAM, Individually,

        Defendants.

_____/

CASE NO.:

2:15-cv-377-FtM-99DNF

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JOHN GOLLADAY ("Plaintiff"), for himself and on behalf of those similarly situated, by and through his undersigned counsel, files this Complaint against Defendants, ABC ELECTRIC SERVICE, INC., a Florida Profit Corporation, and JOSEPH A. ABRAHAM ("ABRAHAM"), Individually, (collectively "Defendants") and states as follows:

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain declaratory relief, a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3.    This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claim pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claim forms a part of the same case or controversy and arise out of the common nucleus of operative facts as his overtime claim.

## PARTIES

4.    At all times material to this action, Plaintiff was a resident of Lee County, Florida.

5.    At all times material to this action, Defendant ABC ELECTRIC SERVICE, INC. was, and continues to be, a Florida Profit Corporation, and continues to be engaged in business in Florida, doing business in Lee County.

6.    Upon information and belief, at all times material to this action, Defendant ABRAHAM, was and continues to be a resident of Lee County, Florida.

7.    At all times material to this action, Defendant ABRAHAM was an individual resident of the State of Florida, who owned and/or operated ABC ELECTRIC SERVICE, INC. and who regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of ABC ELECTRIC SERVICE, INC.

8.    By virtue of having held and/or exercised the authority to: (a) hire and fire employees of ABC ELECTRIC SERVICE, INC.; (b) determine the work schedules for the employees of ABC ELECTRIC SERVICE, INC.; and (c) control the finances and operations of ABC ELECTRIC SERVICE, INC., Defendant, ABRAHAM, is an employer as defined by 29 U.S.C. §201 *et. seq.*

9.    At all times material to this action, Plaintiff was "engaged in commerce"

within the meaning of §6 and §7 of the FLSA.

10.    At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

11.    At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

12.    Defendants were, and continue to be, "employers" within the meaning of the FLSA.

13.    At all times material to this action, ABC ELECTRIC SERVICE, INC. was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14.    Based upon information and belief, the annual gross revenue of Defendant ABC ELECTRIC SERVICE, INC. was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

15.    At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, power tools, electrical equipment, and electrical parts manufactured out of state or overseas.

16.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

### STATEMENT OF FACTS

17.    In approximately June 2012, Defendants hired Plaintiff to work as a nonexempt, hourly paid, journeyman/service technician.

18.    Plaintiff's job duties included, but were not limited to, being the job

foreman and overseeing projects from start to finish; and as technician, attending to service calls, completing estimates, and training new hires.

19.     At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

20.     From June 2012 to March 2015, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

21.     Specifically, the practices that led to this failure to pay overtime included, but were not limited to, failing to pay Plaintiff for all hours he worked as a technician on jobs, and of which Defendants had specific knowledge, which hours were recorded and billed to customers.

22.     Further, the practices that led to the failure to pay proper overtime specifically included, but were not limited to, failure to pay Plaintiff for all hours worked, recorded, and turned into Defendants as intra-day drive time between appointments, or shop time, of which Defendants were specifically aware, but which Defendants did not bill to customers.

23.     In addition, the practices that led to the failure to pay proper overtime specifically included, but were not limited to, refusing to compensate for compensable drive time from the shop to his first service call, even though Plaintiff was required to come to the shop to commence his compensable work day, including to, *inter alia,* get service orders, determine needed parts, get parts from the warehouse, load parts onto the service vehicle, and get the service vehicle to take on calls prior to going to his first appointment.

24.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

25.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

26.     The additional persons who may become Plaintiffs in this action also "worked" for Defendants as hourly paid employees, worked under the same terms and conditions, and pursuant to the policies, practices, and procedures applicable to Plaintiff, and were denied proper overtime compensation for overtime hours due to these policies, practices and procedures.

27.     Defendants have violated Title 29 U.S.C. §207 from at least June 2012 to March 2015, in that:

        A.     Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

        B.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA due to the policies and practices described above; and

        C.     Defendants have failed to maintain proper time records as mandated by the FLSA.

28.     Defendants' failure and/or refusal to properly compensate Plaintiff, and those similarly situated, at the rates and amounts required by the FLSA was willful.

29. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

30. In addition, Plaintiff, and those similarly situated, performed hours of work that were not overtime hours for Defendants for which they were not compensated all of their earned wages.

31. Specifically, due to the policies described in paragraphs 21 to 23, above, Plaintiff was also not compensated for certain non-overtime hours in one or more weeks of employment in which he did not work overtime.

32. Thus, Defendants failed to pay Plaintiff non-overtime wages he was due in weeks in which no overtime was worked, which weeks would not be covered in his FLSA claim.

33. Defendants retained the value of Plaintiff's work, without paying him for the value of that work.

34. Defendants knew that Plaintiff, and those similarly situated, performed hours of work for Defendants for which they were not compensated because Plaintiff, and those similarly situated, recorded these hours and turned them in to Defendants and Defendants were specifically aware of compensable time worked prior to the first service call while at the warehouse/shop, and the subsequent compensable drive time.

35. Defendants retained the benefit of that work, without compensating Plaintiff, and those similarly situated, in the amount promised for the work performed.

36. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

37.     Plaintiff re-alleges paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

38.     From June 2012 to March 2015, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

39.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

40.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

41.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

42.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

43.     Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants have failed to properly pay Plaintiff proper overtime wages at time and one-half of the lawful

regular rate of pay for such hours, pursuant to a policy, plan or decision equally applicable to similarly situated employees.

44.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on behalf of himself and on behalf of those similarly situated, request conditional certification; pursuant to Section 216(b) of the FLSA, of the employees who worked over 40 hours in one or more workweeks, an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## UNJUST ENRICHMENT

45.     Plaintiff realleges and incorporates paragraphs 30 to 36 of the Complaint as if fully set forth herein.

46.     This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as his overtime claims.

47.     During the course of his employment, June 2012 to March 2015, Plaintiff performed work for Defendants for which he was not compensated.

48.     Defendants knowingly accepted the performance of, and retained the benefit of, the work Plaintiff performed on its behalf without paying him for that work.

49.     As such, it would be inequitable to allow Defendants to retain the value

of this work that Plaintiff and those similarly situated earned through their work and was

promised payment for the work performed.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against

Defendants for actual damages, compensatory damages, and/or restitution, as well as

costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief

deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 22 day of June 2015.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*